IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ARTHUR HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:21-cv-504-ECM |
| | ) | (WO) |
| JEFFERSON DUNN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On July 29, 2021, Plaintiff Arthur Hamilton ("Hamilton") filed a complaint against Defendants Jefferson S. Dunn, Kim Thomas, Gwendolyn Givens, Deborah Toney, Cynthia Stewart, and Gary Hetzel (collectively, "Defendants"). (Doc. 1). Hamilton alleges he was held in prison five years beyond his sentence due to a calculation error by an unnamed employee at the Alabama Department of Corrections. After the Defendants moved to dismiss his first complaint, Hamilton filed an amended complaint (the operative complaint) on November 19, 2021, in which he alleges four causes of action: false imprisonment (Count I), negligence/wantonness (Count II),[1] violations of his Fourteenth Amendment due-process rights (Count III), and failure to train or supervise (Doc. 22). Before the Court is the Defendants' motion to dismiss Hamilton's amended complaint. (Doc. 29). The amended complaint exhibits the characteristics of shotgun pleadings, which

---

[1]    In his responsive brief to the Defendants' motion to dismiss, Hamilton concedes his negligence/wantonness claim. (*See* Doc. 35 at 17). Therefore, the Defendants' motion to dismiss is due to be GRANTED to the extent that Count II is due to be DISMISSED with prejudice.

have been "roundly condemned" in the Eleventh Circuit, "both for the confusion they cause litigants and the havoc they wreak on the docket." *See McCall v. Bank of Am., N.A.*, 2016 WL 5402748, at *1 (M.D. Ala. Sept. 26, 2016) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320–23 (11th Cir. 2015)).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain a short and plain statement showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).  The allegations should be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Each claim should be stated in separate, numbered paragraphs, "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  This precision requirement enables the opposing party to respond adequately and appropriately to the claims against it and allows the court to "determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland*, 792 F.3d at 1320 (quotations omitted).

In *Weiland*, the Eleventh Circuit explained the four varieties of shotgun pleadings: (1) complaints "containing multiple counts where each count adopts the allegations of all preceding counts," (2) complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) complaints that fail to "separat[e] into a different count each cause of action or claim for relief," and (4) complaints that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321–23.  Courts may dismiss

shotgun pleadings if they do not "permit a court to readily determine if they state a claim upon which relief can be granted." *Id.* at 1326.

Hamilton's amended complaint falls squarely into the fourth category of shotgun pleadings. For example, Hamilton does not identify at what point individual defendants oversaw the prisons at which he was detained, nor how those periods overlapped with his alleged over-detention. No facts identify when Hamilton was detained at a specific prison, nor who oversaw the prison during that time. He instead generally argues that all defendants are liable for the various causes of action he brings, "without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *See id.* at 1323.

This practice of "offer[ing] vague and conclusory factual allegations in an effort to support a multiplicity of . . . claims leveled against [multiple] defendants" is "prototypical" of the type of shotgun pleading this Circuit regularly rejects as insufficient "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See id.* at 1323 & n.14 (quotations omitted); *see, e.g.*, *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 164 (11th Cir. 1997); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of.").

Accordingly, it is ORDERED as follows:

1. The motion to dismiss (doc. 29) is GRANTED to the extent that Count II is DISMISSED with prejudice, and all other claims are DISMISSED without prejudice.

2. The Plaintiff shall file a new amended complaint on or before November 1, 2022, that does not refer to his previous complaints by reference, complies with the Federal Rules of Civil Procedure, and complies with the requirements of this Order.

DONE this 11th day of October, 2022.


_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE